Horvath v Ameron Intl. Corp. (2024 NY Slip Op 02147)

Horvath v Ameron Intl. Corp.

2024 NY Slip Op 02147

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 190002/21 Appeal No. 2107 Case No. 2023-05558 

[*1]Susan Horvath etc., Plaintiff-Respondent,
v
Ameron International Corporation, Defendant-Appellant, A.W. Chesterton Company et al., Defendants.

McGivney, Kluger, Clark & Intoccia, P.C., New York (Jeffrey S. Kluger of counsel), for appellant.
Simmons Hanly Conroy LLP, New York (John B. Wetmore of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered October 23, 2023, which denied defendant Ameron International Corporation's motion for summary judgment dismissing the complaint and all cross-claims against it, unanimously affirmed, without costs.
The motion court correctly found that Ameron's evidence did not "unequivocally establish that its product could not have contributed to the causation of plaintiff's injury," and thus correctly denied Ameron's motion for summary judgment (Reid v Georgia-Pacific Corp ., 212 AD2d 462, 463 [1st Dept 1995]). Plaintiff's decedent (Horvath) testified that he was in contact with asbestos from Ameron's Bondstrand pipe at a sewage plant somewhere on the west side of midtown Manhattan. Ameron argues that the plant Horvath referenced could only have been the North River wastewater treatment plant, which did not exist until 1985, at a time when Ameron no longer manufactured Bondstrand pipe using asbestos. However, Ameron failed to adduce definitive evidence that Horvath worked at that specific plant. Moreover, even assuming Horvath worked at the North River plant, Ameron failed to show as a matter of law that Horvath could not have encountered its asbestos-containing pipe. The evidence submitted by Ameron shows that the plant was under construction for an extended period of time with multiple delays, and that contracts for materials had been entered into prior to 1985. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024